**Robert MURPHY, Plaintiff,**

v.

**WESTERN LINE SCHOOL DISTRICT, et al., Defendants.**

**No. 4:92CV177–S–O.**

United States District Court, N.D. Mississippi, Greenville Division.

Oct. 7, 1993.

---

Alix H. Sanders, Sanders & Associates, P.A., Greenwood, MS, for plaintiff.

James A. Keith, Brunini, Grantham, Grower & Hewes, Jackson, MS, for defendants.

## OPINION

SENTER, Chief Judge.

In this case, plaintiff, a former assistant principal, charges that the Reduction in Force (RIF) policy of the defendant school district violates the Equal Protection Clause of the Fourteenth Amendment. Presently before the court is defendants' motion for summary judgment. The parties agree that there are no genuine issues of material fact, and that the question for resolution is whether the reasons offered by the school district for the exclusion of administrators from the RIF policy are rationally related to any legitimate state interest.[1]

## BACKGROUND

The challenged RIF policy, which was adopted by the Western Line School District in 1987, provides:

When an excess of staff occurs in any area of work for any reason, renewal of contracts or re-election for the ensuing school year shall be withheld for personnel having the most recent date of initial employment by the Western Line Consolidated School District schools. "The most recent date of initial employment" is defined as the date from uninterrupted services or from re-entry into the system after the latest break in service. Certified or classified staff whose contracts are not renewed or re-election withheld due to excessive staff shall be given priority over new candidates for positions which may become available for the ensuing school year. *Administrators are not included in the policy.*

(Emphasis added). It is this emphasized language which plaintiff finds objectionable.

Administrators were not excluded from the previous RIF policy.

## FACTS

The plaintiff, Robert Murphy, began his employment with the Western Line School District in 1973. During the 1991–92 school year, he served as an assistant high school principal. In February, 1992, the District's superintendent, in response to the budget crisis facing his schools, recommended to the school board that all positions of assistant principal be abolished. The board accepted this recommendation, and plaintiff (among others) was informed the following day by letter that his contract would not be renewed for the 1992–93 school year.

Pursuant to the School Employment Procedures Law (SEPL), Miss.Code Ann. §§ 37–9–101 *et seq.*, plaintiff requested a hearing to contest the superintendent's recommendation of non-reemployment. Accordingly, the school board conducted a hearing, during which plaintiff was represented by counsel, and voted to uphold the superintendent's recommendation. The board thereafter declined to reconsider its decision.

Plaintiff then appealed the board's decision to the Chancery Court of Washington County, Mississippi, raising one issue—denial of equal protection. The thrust of plaintiff's argument is as follows: If the RIF policy were applied to administrators, then the District would have been obligated to offer plaintiff a teaching position; however, because the RIF policy excludes administrators from its reach, while encompassing all other certified personnel, it is unconstitutional. Before the chancery court proceedings were concluded, however, plaintiff filed the instant action, and the parties agreed to stay the state proceedings pending resolution of this lawsuit.

## DISCUSSION

As previously noted, the parties agree that the RIF policy will be upheld unless plaintiff can prove that the distinction made between administrators and other certified personnel

1. Plaintiff brought this claim pursuant to 42 U.S.C. §§ 1981 and 1983. Defendants point out, however, that plaintiff has made no claim of racial discrimination in his complaint and therefore request dismissal of any § 1981 claim. As this position is correct both factually and legally and has not been opposed by plaintiff, the court is of the opinion that defendants are entitled to the relief sought.

(assuming they are similarly situated groups [2]) lacks any rational relationship to a legitimate state interest. *See Dodds v. Childers,* 933 F.2d 271, 275 (5th Cir.1991) (since plaintiff was not member of protected class, statutory distinction is presumed valid unless plaintiff can prove that distinction between two similarly situated groups lacked any rational relationship to legitimate state interest). Defendants advance the following reasons for the board's decision to exclude administrators from the current RIF policy:

Administrators are non-instructional personnel and can be removed from the payroll without materially affecting classroom instruction and management. The duties of administrators can also be reallocated much easier than classroom instructional personnel. In addition, this District's policy, as evidenced by its present RIF procedures, is that administrative costs should be reduced *before* instructional costs. This policy helps to ensure that the educational objectives of the District will not be adversely affected by the need for budgetary reductions. Moreover, if administrators were included in the RIF policy, a teacher with experience in the classroom might have to be replaced by a more senior administrator who lacks teaching experience. This would adversely affect the educational objectives of the District.

(Emphasis in original). It is these reasons which the court must scrutinize, for "the issue is not simply whether the objective itself is legitimate, but rather whether the [exclusion of administrators from the RIF policy] 'advances that objective in a manner consistent with the Equal Protection Clause.' " *Andrews v. Drew Municipal Separate School District,* 507 F.2d 611, 614 (5th Cir.1975) (citation omitted).

The court is of the opinion that the exclusion of administrators from the RIF policy at issue does not violate the Equal Protection Clause of the Fourteenth Amendment. This ruling is based initially on the court's conclusion that administrators and classroom teachers (or school counselors, for that matter) are *not so* similarly situated that they are entitled to identical treatment in all instances.

As plaintiff concedes, teachers and administrators have different responsibilities. Although both have the ultimate goal of providing all students in the school district with the best education possible, they have different means of achieving that goal. Certainly, principals are entitled to the same due process protections accorded teachers with regard to nonrenewal of contracts, *see* Miss. Code Ann. § 37–9–103, and cannot be discriminated against, for example, because of race, sex, or age. But these basic principles of constitutional and employment law do not, in the court's view, translate automatically into a conclusion that principals and teachers are entitled to identical treatment in all situations.

Assuming arguendo that administrators and teachers are similarly situated, the court believes defendants have advanced legitimate reasons for the distinction made in the RIF policy. It is widely known that schools in this nation are increasingly faced with tight budgets and limited resources. To meet that situation, the instant defendants chose to eliminate certain administrative positions, the responsibilities of which were easily reallocated to other administrators. In this way, they were able to reduce the costs of operating their schools but with the least possible disruption to the mission of the District— educating children. Certainly, this is a legitimate means of attacking a difficult problem and one that has been mandated by the Mississippi Legislature. *See* Miss.Code Ann. § 37–61–9(4) (each school district shall be required to reduce amount budgeted for administrative expenditures one percent in 1992–93 school year and two percent per year for four years beginning with 1993–94 school year). Of course, the subject RIF policy was adopted before this legislative pronouncement, and, in formulating it, the District could have chosen to proceed with the policy as originally approved wherein administrators were not excluded from its reach. However, in choosing to do otherwise, the District sought to protect the integrity of classroom instruction and management at the least possible cost to the children. By excluding administrators from the

---

**2.** *But see Hooks v. Smith,* 781 S.W.2d 522, 523 (Ky.Ct.App.1989) (roles and duties of administra-

tors and teachers are quite different).

RIF policy, the District did not intend to disparage the teaching abilities of any administrator; it simply determined that it is less disruptive to its educational mission and more conducive to a stable learning environment to eliminate administrative positions without the need to consider matters of seniority and reassignment, or probable discharge, of teaching personnel. In this court's opinion, the District's decision is rationally related to a legitimate state interest and does not offend the Fourteenth Amendment. As there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law, their motion for summary judgment is granted.

An appropriate final judgment shall issue.

### FINAL JUDGMENT

Pursuant to an opinion filed contemporaneously herewith, it is ORDERED:

That defendants' motion for summary judgment is well taken and is granted;

That this cause is hereby dismissed with prejudice.